IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff, | ) | C.A. No. 15-170 Johnstown |
| | ) | |
| v. | ) | |
| | ) | District Judge Gibson |
| JOHN WETZEL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 9] be denied.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff, an inmate incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill") initiated this action on June 19, 2015, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Pennsylvania Department of Corrections ("DOC), including members of the DOC's Central Office, and staff members at four different state correctional institutions.

Presently pending before this Court is Plaintiff's motion for preliminary injunction [ECF No. 9], which was filed by Plaintiff on August 17, 2015. In his motion, Plaintiff complains of being fed "chemical agents from foreign sources," as well as seafood and beans, to which he has known food allergies; and being denied access to his stored property. A telephonic hearing on Plaintiff's motion was conducted by this Court on September 3, 2015. During this hearing,

1

Plaintiff participated on his own behalf and Assistant Attorney General Mary Friedline, Esquire, specially appeared on behalf of Defendants. Both parties acknowledged that a substantially similar motion for preliminary injunction regarding the food issues was recently filed by Plaintiff in one of his pending cases in the United States District Court for the Middle District of Pennsylvania, Sloan v. Chambers, et al., C.A. No. 3:12-cv-1954. In that case, District Judge A. Richard Caputo issued an Order on August 11, 2015, granting an immediate injunction directing the staff at SCI-Camp Hill to refrain from serving Plaintiff food to which he has known allergies, and from adding foreign substances to his food, or telling him that they have done so. (C.A. No. 3:12-cv-1954, ECF No. 82). Thus, Plaintiff's injunction request concerning the food issues should be denied as moot.

With regard to Plaintiff's complaint regarding denial of access to his property, Attorney Friedline represented to the Court that Plaintiff has numerous boxes of property containing approximately twenty-eight inches of paper, and that Plaintiff has been given access to approximately fifteen inches of the material; however, Plaintiff has made only a single document exchange request, and has blocked staff access to the property in his cell that is required for an exchange to occur.

**B.     Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the

status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689

F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

**C.    Discussion**

Plaintiff is unable to demonstrate either irreparable harm or a likelihood of success on the merits sufficient to obtain the relief he requests from the Court. Over the past several years, this Court has had numerous cases with this Plaintiff, and has repeatedly instructed Plaintiff to follow appropriate institutional procedures to obtain access to his materials before seeking the Court's intervention. It is apparent that this Plaintiff refuses to cooperate with the institution and rather play with the federal court system to get what he wants. This Court will not indulge Plaintiff's efforts any longer.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 9] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        s/Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: September 4, 2015

cc: The Honorable Kim R. Gibson
United States District Judge