IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff | ) | Civil Action No. 15-170 Johnstown |
| | ) | |
| v. | ) | |
| | ) | District Judge Gibson |
| JOHN WETZEL, *et al.*, | ) | Magistrate Judge Baxter |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to sever [ECF No. 37] be granted as follows: All allegations relating to the claim(s) of retaliation raised in paragraph 13 of the complaint should remain as against Defendants Hainsworth, Shaffer, Gehlmann, Joseph, Mazurkiewicz, Miller, Weimer, Hostetter, Gibson, McGrogon, Baker, Wingard, Stevens, and Grubb, only. All other allegations of the complaint should be severed, and all other Defendants should be terminated from this case.

It is recommended further that the motions to dismiss filed by Defendants Saavedra and Karumudi [ECF No. 45] and Defendant Plasso [ECF No. 53], be dismissed as moot.

### II. REPORT

#### A. Relevant Procedural and Factual History

Plaintiff Aaron Sloan, a prisoner incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania ("SCI Greene"), initiated this civil rights action by filing a rambling 28-page *pro se* complaint against fifty (50) individuals employed by or associated with the Pennsylvania Department of Corrections ("DOC"). [ECF No. 2]. In particular, Plaintiff has named the following as Defendants:

1. Twelve (12) employees at the DOC's central office in Mechanicsburg, Pennsylvania: John Wetzel ("Wetzel"); Ulli Klemm ("Klemm"); Faith Akdemir ("Akdemir"); Shawn Kephart ("Kephart"); David Burns ("Burns"); Dr. Jenkins ("Jenkins"); Dr. Tomei ("Tomei"); Dr. Cairns ("Cairns"); Dan Caro ("Caro"); Amanda West ("West"); Dorina Varner ("Varner"); and Bernard Panasiewicz ("Panasiewicz");

2. Four (4) staff members at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"): Brian Coleman ("Coleman"); Stephen Buzasi ("Buzasi"); Dr. Saavedra ("Saavedra"); and Psych. Buzelli ("Buzelli");

3. Eight (8) staff members at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"): Laurel Harry ("Harry"); Jennifer Digby ("Digby"); Officer Cleveland ("Cleveland"); Psych. Miller; Andy Huber ("Huber"); Deborah Alvord ("Alvord"); Kathleen Zwierzyna ("Zwierzyna"); and Denise Boneth ("Boneth"); and

4. Twenty-six (26) staff members at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"): Gerald Rozum ("Rozum"); Melissa Hainsworth ("Hainsworth"); Jeffrey Shaffer ("Shaffer"); Daniel Gehlmann ("Gehlmann"); Allen Joseph ("Joseph"); Joseph Mazurkiewicz ("Mazurkiewicz"); Officer Weimer ("Weimer"); Officer Hostetter ("Hostetter"); Officer Gibson ("Gibson"); D. Miller ("Miller"); Officer McGrogon ("McGrogon"); Mark Baker ("Baker"); Trevor Wingard ("Wingard"); Cassandra Stevens ("Stevens"); Major Grubb ("Grubb"); Officer Tirpaki ("Tirpaki"); Dr. Roberts ("Roberts"); Officer Christner ("Christner"); Gerald Puskar ("Puskar"); Anjaneyulu Karumudi ("Karumudi"); Dr. Haufman ("Haufman"); Roxanne Plasso ("Plasso"); Brian Hyde ("Hyde"); Heidi Sroka ("Sroka"); Officer Harr ("Harr"); and Officer Wadsworth ("Wadsworth").

Plaintiff sued all Defendants in their official and individual capacities.

In general, Plaintiff avers that he "has been subjected to a continuous campaign of harassment, retaliation, denial of religious practices, humiliation, abuse, property damage, torture," and other undesirable experiences while incarcerated by the DOC between January 2009 "through, including[,] and beyond commencement . . . of this instant action." (ECF No. 2, at ¶¶ 9–10). He then proceeds to assert a wide spectrum of legal claims based on conditions of confinement at all three state correctional institutions at which he has been incarcerated since

January 2009, including: (1) violations of his religious rights under the First Amendment's Free Exercise Clause, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Pennsylvania's Religious Freedom Protection Act, and the Fourteenth Amendment's Equal Protection Clause (Id. at ¶ 20); (2) violations of his medical and mental health rights under the Eighth Amendment's Cruel and Unusual Punishment Clause, the Americans with Disabilities Act ("ADA"), and Pennsylvania's Mental Health and Intellectual Disability Act of 1966 (Id. at ¶ 21); (3) violations of his right to access the courts, as well as his First Amendment rights to free speech and petition (Id. at ¶ 23); and (4) violations of his statutory rights under 18 U.S.C. § 241 (Conspiracy against rights), 18 U.S.C. § 242 (Deprivation of rights under color of law), 18 U.S.C. § 2340A (Torture), 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights), and 42 U.S.C. § 1986 (Neglect to prevent conspiracy) (Id. at ¶ 24).

Defendants, other than Defendants Plasso, Saavedra, and Karumudi, have filed a motion to sever Plaintiff's complaint[1] [ECF No. 37], arguing that Plaintiff has violated Federal Rule of Civil Procedure 20(a) by improperly joining Defendants in one action, even though the claims against each of them did not arise from the same transaction or occurrence. (ECF No. 38 at p. 4). Alternatively, Defendants argue that Plaintiff's complaint implicates or violates Federal Rules of Civil Procedure 12(e) (vague or ambiguous pleading), 10(b) (each claim arising from a separate transaction or occurrence should be stated in a separate count to promote clarity), and 8(a) (short and plain statement of the claim). (Id. at pp. 8–10). As a result, Defendants assert that they are "unable to draft a meaningful responsive pleading without speculating about what the plaintiff may be trying to say." (Id. at p. 10).

---

[1] Defendants Saavedra and Karamudi [ECF No. 45] and Defendant Plasso [ECF No. 53] have filed Rule 12(b)(6) motions to dismiss.

Despite being given ample time to respond to Defendants' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. *Pro se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Because Plaintiff is a *pro se* litigant, this court may consider facts and make inferences when appropriate.

#### 2. Joinder of Parties

Under the Rule 20(a) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). In any action involving multiple claims and multiple defendants, Rule 20 operates independently of

Rule 18. Paladino v. Newsome, 2012 WL 3315571, at * 4 (D.N.J. Aug. 13, 2012). "The courts have adopted a case by case approach in determining whether a particular fact situation constitutes a single transaction or occurrence for purposes of Rule 20." Spence v. Schafer, 2013 WL 1364025, at *6 (W.D. Pa. Mar. 7, 2013) citing Mosley, 497 F.2d at 1333. A "[p]laintiff may combine multiple unrelated claims against a single defendant in a lawsuit ... [but] cannot combine unrelated claims against multiple defendants in one lawsuit." Spence, 2013 WL 1364025 at *5. "[E]vents entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Id. at *6, quoting Mosley, 497 F.2d at 1333 (internal citations omitted).

Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit cogently explained the policy undergirding Rule 20(a)(2):

> [u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this ... suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), citing 28 U.S.C. § 1915(g). See also Mincy v. Klem, et al., 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007) ("Allowing a prisoner to include a plethora of separate, independent claims would circumvent the filing fee requirements of the PLRA").

"Where a plaintiff has failed to satisfy the conditions of permissive joinder under Rule 20(a), a court may 'grant severance or dismissal to the improper party if it will not prejudice any substantial right.'" Malibu Media, LLC v. Surgent, 2013 WL 1704289, at *2 (D.N.J. Apr. 19, 2013), quoting Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972), cert. denied 409 U.S. 853 (1972)). If "misjoinder occurs, the court is empowered, by motion or sua sponte, to add

5

or drop a party or sever any claim against a party." Malibu Media, LLC v. Doe, 2012 WL 3089383, at *2 (E.D. Pa. July 30, 2012) (emphasis removed), citing Fed. R. Civ. P. 21.

**C.     Discussion**

Here, it is apparent that Plaintiff's myriad legal claims and factual scenarios are misjoined, as they do not arise out of the same transaction or occurrence and do not raise questions of law or fact common to all. In particular,

1. Paragraphs 11-12 of the complaint raise claims related to the denial of religious practices against Defendants Wetzel, Klemm, Akdemir, Kephart, Coleman, Rozum, and Harry;

2. Paragraph 13 consists of three pages of rambling narrative detailing instances of alleged retaliation by Defendants Hainsworth, Shaffer, Gehlmann, Joseph, Mazurkiewicz, Miller, Weimer, Hostetter, Gibson, McGrogon, Baker, Wingard, Stevens, and Grubb;

3. Paragraphs 14-15 contain various allegations of poor maintenance and sanitation against Defendants Wetzel, Coleman, Hainsworth, Shaffer, Wingard, Rozum, Gehlmann, Gibson, Harry, Tirpak, Christner, Burns, Digby, Buzas, and Cleveland;

4. Paragraphs 16-17 consist of six pages of narrative detailing allegations of improper medical and mental health treatment, and "torture," asserted against Defendants Stevens, Karumudi, Jenkins, Tomei, Cairns, Saavedra, Buzelli, Miller, Digby, Wingard, Huber, Shaffer, Cleveland, Kasterko, Mazurkiewicz, Hainsworth, Gehlmann, Harry, and Zwierzyna; and

5. Paragraph 18 consists of another six pages of rambling and disjointed narrative regarding his incarceration at SCI-Somerset, SCI-Camp Hill, and SCI-Fayette, since 2009, in which he names nearly every one of the fifty Defendants in this case without stating a discernible claim.

With the exception of the allegations of paragraph 13, which appear to arise only from occurrences at SCI-Somerset, Plaintiff's remaining allegations span the entire length of Plaintiff's incarceration at three different state correctional institutions since January 2009, and include one or more Defendants from each institution. As a result, it is impossible to determine from these allegations the specific date(s) on which each Defendant is alleged to have committed a

constitutional violation, or which claims may arise from the same transaction or occurrence. Therefore, this action should be severed in the interest of convenience and judicial economy. Specifically, the only allegations that should remain in this case are those dealing with the retaliation claim(s) arising from Plaintiff's incarceration at SCI-Somerset, as specified in paragraph 13 of the Complaint. All other allegations should be severed from this action. The only Defendants mentioned in paragraph 13 that should remain in this case are: Defendants Hainsworth, Shaffer, Gehlmann, Joseph, Mazurkiewicz, Miller, Weimer, Hostetter, Gibson, McGrogon, Baker, Wingard, Stevens, and Grubb. All other Defendants should be terminated from this action. In the event Plaintiff wishes to pursue those claims found at ¶¶ 9-12 and 14-18, he may do so only by filing new civil actions. In any new civil action, Plaintiff should be guided by Federal Rules of Civil Procedure 18 through 21 as to joinder of parties and claims.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to sever [ECF No. 37] be granted as follows: All allegations relating to the claim(s) of retaliation raised in paragraph 13 of the complaint should remain as against Defendants Hainsworth, Shaffer, Gehlmann, Joseph, Mazurkiewicz, Miller, Weimer, Hostetter, Gibson, McGrogon, Baker, Wingard, Stevens, and Grubb, only. All other allegations of the complaint should be severed, and all other Defendants should be terminated from this case.

It is recommended further that the motions to dismiss filed by Defendants Saavedra and Karumudi [ECF No. 45] and Defendant Plasso [ECF No. 53], be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing objections to the report and recommendation within fourteen (14) days of the filing of this report and recommendation. Any party opposing the objections

7

shall have fourteen (14) days from the date of service of the objections to respond thereto. See Fed. R. Civ. P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 23, 2017

cc: The Honorable Kim R. Gibson
United States District Judge